TYSON, Judge.
The appellant, a minor, was charged with third degree assault, in violation of § 13A-6-22, Code of Alabama 1975. After conducting a hearing, the juvenile court judge found the appellant to be a delinquent in that he was guilty of third degree assault. He was placed in the custody of his parents, was put on unsupervised probation for six months, and was fined $100 plus $87 in court costs.
W.M. is the sister of C.L.D., Sr. They live next door to each other on Route 7 in Cullman County, Alabama. On July 8, 1990, W.M. was out in her garden near her house when C.L.D.,, Sr., the appellant’s father, drove by on his way to his house with his head out the window shouting that he was going to kill her.
W.M. testified that she ran into her mobile home and told her husband to get his gun because her brother was coming. Her husband called the sheriffs office to report the threat.
Deputy sheriffs Donald Michael Rainey and Phillip Lambert answered the call. After W.M. signed a complaint charging C.L.D., Sr., with violating the Family Violence Act, § 15-10-3, Code of Alabama 1975, the deputies went next door to the C.L.D., Sr.’s, mobile home.
Deputy Rainey testified that when they arrived at the C.L.D., Sr’s, home, C.L.D., Sr., answered the door and invited them inside. Deputy Rainey took C.L.D., Sr., by the arm and told him that he was under arrest. C.L.D., Sr., then jerked his arm out of Deputy Rainey’s hand and began hitting Deputy Rainey. Deputy Lambert then grabbed C.L.D., Sr., other arm and they tried to remove C.L.D., Sr., from the house.
Deputy Rainey further testified that the family began screaming and trying to assist C.L.D., Sr. The appellant, his 16-year-old son, jumped on Deputy Rainey’s back, choking him around his neck, and pushed him forward into a washer or dryer.
Deputy Lambert testified that after trying to pull the appellant off Deputy Rainey with his hands and failing, he took out his flashlight and hit the appellant once on his head. This caused the appellant to release Deputy Rainey. Both the appellant and his father were then arrested.
The appellant testified that Deputy Lambert was hitting his father with a flashlight and that he yelled for him to stop. The appellant then grabbed Deputy Rainey and then he got hit on the head.
The appellant contends that the deputies were not acting pursuant to the Family Violence Act, § 15-10-3, Code of Alabama 1975 (1982 Replacement Vol.), when they arrested the appellant’s father. This is a case of first impression.
Effective May 17, 1989, § 15-10-3, Code of Alabama 1975, was amended. The amendment was entitled, “The Law Enforcement Protection Act of 1989,” which is also known as “The Family Violence Act.” The amended portion added the following to the existing test of § 15-10-3, Code of Alabama 1975:
“(a) An officer may arrest any person without a warrant, on any day and at any time for:
[[Image here]]
“(6) When he has actual knowledge that a warrant for the person’s arrest for the commission of a felony or misdemeanor has been issued, provided such warrant was issued in accordance with the provisions of this chapter. However, upon request he shall show the warrant to the arrested person as soon as possible. If the officer does not have the warrant in his possession at the time of arrest he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued;
“(7) When he has reasonable cause to believe that a felony or misdemeanor has been committed by the person arrested in violation of a protection order issued by a court of competent jurisdiction; and
“(8) Whenever an offense involves family violence as defined by this sec *247 tion, and the arrest is based on probable cause, regardless of whether the offense is a felony or misdemeanor. Family violence is defined as any incident resulting in the abuse, assault or the attempt or threats thereof, between family or household members. Abuse is further defined as any offense defined under sections 13A-6-60 through 13A-6-70, or abusing children under sections 26-15-1 through 26-15-4. Assault is further defined as any offense defined under sections 13A-6-20 through 13A-6-25. Family or household members include spouses, former spouses, parents, children, or any other person related by blood or marriage, a person with whom the victim has a child in common or a present or former household member.
“(b) Whenever a law enforcement officer investigates an allegation of family violence, whether or not an arrest is made, the officer shall make a written report of the alleged incident, including a statement of the complaint, and the disposition of the case. (Code 1852, § 445; Code 1867, § 3994; Code 1876, § 4664; Code 1886, § 4262; Code 1896; § 5211; Code 1907, § 6269; Code 1923, § 3263, Code 1940, T. 15, § 154; Acts 1989, No. 89-857, p. 1710, § 2.)”
The deputies proceeded under the new provision of § 15-10-3, Code of Alabama 1975 (1982 Replacement Vol.) which gives police officers the authority to arrest without a warrant if family violence is involved and if the arrest is based on probable cause. “Family” is broadly defined by the statute to include, family or household members, including spouses, former spouses, parents, person with whom the victim has a child in common or a present or former household member.
The complaint in this case came from a sister who lived next door. A sister would fall within the definition provided by the statute for “Family” as including a person related by blood. Furthermore, there is no requirement in the statute that the persons must live in the same household. The Alabama statute contains no restriction that “family members” must “currently reside in the same living quarters.” See N.J.Stat.Annot. § 2C:25-3; Ga.Code §§ 17-14-20 and 19-13-1; Warren v. State, 336 S.E.2d 221, 224 (Ga.1985). The Alabama statute contains no requirement that the “family members” reside in the same household or under one roof.
This statute allows the police to arrest on certain misdemeanor violations without a warrant or without having witnessed their occurrence. The deputies were acting under the authority of this statute. There were multiple threats made by the complaining witness’s brother, meeting the definition of family violence in the statute. Family violence is defined “as any incident resulting in the abuse, assault or the attempt or threats thereof, between family or household members.” (Emphasis added.) § 15-10-3(a)(8), Code of Alabama 1975 (1982 Replacement Volume).
The probable cause for the arrest of the appellant’s father arose from the complaint of a family member, and this is subject to the same review as other probable cause standards. Nance v. State, 424 So.2d 1358 (Ala.Cr.App.1982). The standard of review is whether, under the facts and circumstances within the officer’s knowledge and of which he has reasonable trustworthy information, a reasonable man would believe that an offense had been committed. Waldrop v. State, 462 So.2d 1021 (Ala.Cr.App.1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985).
The facts in this cause demonstrate a proper application of the statute. Therefore, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.